UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-97-FDW

| TYREE RHINEHARDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| D.F. MOORE, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1]. Also pending are Plaintiff's Motions Seeking Body Cam Footage[1] [Docs. 3, 10, 11], "Motion Requesting Any Video Archives from Frye Hospital Mail Campus and GPS Location of Officer Moore and Osmers' Vehicles" [Doc. 4], and "Motion Requesting Service of Summons be Made by a U.S. Marshal or Someone Specially Appointed" [Doc. 5]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.   BACKGROUND**

The pro se Plaintiff filed this action while he was a pretrial detainee at the Catawba County Detention Center, addressing incidents surrounding an involuntary civil commitment on April 19, 2021 involving several Hickory Police Department officers and a nurse at Frye Hospital.[2] [Doc. 1]. His filing consists of three separate non-identical Complaint forms [Doc. 1 at 1-11 (prisoner complaint form), id. at 12-17 (unsigned non-prisoner complaint form); id. at 18-28 (prisoner

---

[1] Titled "Non-Dispositive Motion Seeking Body Cam Footage" and "Motion Requesting Body Cam Footage," respectively.

[2] The Plaintiff's address of record is now at an apartment complex. The Plaintiff is reminded to keep the Court apprised of his current address at all times. [See April 5, 2024 Order of Instructions].

complaint form)], a handwritten document titled "Facts of Jurisdiction" [id. at 29-34], a letter to the Clerk [Doc. 1-1 at 1-2], and a blank summons form [Doc. 1-2 at 1-2]. The Complaint forms vary regarding *inter alia*: whether he is seeking to sue under 42 U.S.C. § 1983, § 1985 and/or North Carolina law; whether he is suing the Defendants in their official capacities, individual capacities, or both; the legal theories he is asserting; the injuries he allegedly sustained; the facts underlying his claims; and the relief that he is seeking.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Further, a plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act).

Here, Plaintiff's "Complaint" consists of three inconsistent Complaint forms. The Court cannot and will not blindly select which of these forms the Plaintiff might want to pursue in this action. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (the courts are not required to be "mind readers" or "advocates" for incarcerated or pro se litigants.). Piecemeal filings will not be permitted. The Court declines to parse through Plaintiff's allegations, identify all the areas of inconsistency, and address other deficiencies in Plaintiff's filing. The Complaint will,

3

therefore, be dismissed without prejudice and the Plaintiff will be required to file a single superseding Amended Complaint that clearly sets forth his claims and which complies with all applicable rules and procedural requirements.

The Plaintiff's Motions seeking discovery and service of process are denied as premature, as no claim has yet passed initial review. The Plaintiff is encouraged to review the Order of Instructions in this case, and procedural rules including this Court's Local Rules and the Federal Rules of Civil Procedure, with which he is required to comply.

## II. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order.[3] Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice. The Plaintiff's premature Motions seeking discovery and service of process are denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

---

[3] Complaint forms are available on the Court's website. See ncwd.uscourts.gov.

3. The Plaintiff's Motions Seeking Body Cam Footage [Docs. 3, 10, 11], Motion Requesting Any Video Archives from Frye Hospital Mail Campus [Doc. 4] and Motion Requesting Service of Summons [Doc. 5] are **DENIED**.

**IT IS SO ORDERED.**

Signed: September 18, 2024

Frank D. Whitney
United States District Judge